**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE THE APPLICATION OF<br><br>Bismark Boa-Bonsu<br>Vaakatie 10 B 175 00440<br>Helsinki, Finland<br><br>Petitioner,<br><br>v.<br><br>Deborah Owusu<br>4337 Thornapple Circle W<br>Columbus, Ohio 43231<br><br>Respondent. | CASE NO. _____ |

## **VERIFIED COMPLAINT AND PETITION FOR RETURN OF CHILD**

*The Convention on the Civil Aspects of International Child Abduction, done at The Hague, October 25, 1980, International Child Abduction Remedies Act, 22 U.S.C. § 9001, et seq.*

Now comes Petitioner Bismark Boa-Bonsu, and for his Verified Complaint and Petition for Return of Child, alleges as follows:

### **Introduction**

1. This action is filed by Bismark Boa-Bonsu ("Mr. Boa-Bonsu" or "Petitioner"), who resides in Finland, to secure the return of his eight-year-old son, B.B. (the "Child"),[1] who,

---

[1] Pursuant to Fed. R. Civ. P. 5.2(a), Petitioner refers to the minor child by using only his initials and has redacted the child's identifying information from this Verified Complaint and Petition, as well as its exhibits. *See Doe v. Teays Valley Loc. Sch. Bd. of Educ.*, No. 2:23-cv-02704, 2024 U.S. Dist. LEXIS 146294, at *5 (S.D. Ohio Aug. 15, 2024) ("Federal Rule of Civil Procedure 5.2(a) recognizes a compelling interest in protecting the name of a minor individual from disclosure in Court filings."). Per Local Rule 5.2.1(a), Petitioner has contemporaneously filed a motion for leave to file an unredacted version of this Verified Complaint and Petition under seal.

without Petitioner's consent or acquiescence, was wrongfully removed and is being wrongfully retained in the Southern District of Ohio by the Child's mother, Deborah Owusu ("Ms. Owusu" or "Respondent").

2. Prior to wrongfully removing the Child, Respondent and the Child's habitual residence was in Finland.

3. Upon information and belief, Respondent resides at this time with the Child in Columbus, Ohio.

4. This petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.* A copy of the Hague Convention is attached as Exhibit A. The Hague Convention came into effect in the United States on July 1, 1988, and has been ratified between the United States and Finland, among over 80 other Contracting States.

5. Per Article 1, the purpose of the Hague Convention is (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State, and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

6. The Hague Convention intends to restore pre-abduction status quo and to deter parents from forum shopping across borders in search of sympathetic courts. The Hague Convention and ICARA empowers Federal District Courts to determine the merits of a claim for the wrongful removal or retention of a child, without considering the merits of any underlying custody dispute.

**Jurisdiction and Venue**

7. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1331. Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Child and Ms. Owusu are residing within the Southern District of Ohio, in Franklin County, Ohio.

**Statement of Facts**

8. Mr. Boa-Bonsu and Ms. Owusu are the parents of their eight-year-old son B.B., who was born in Finland in 2016.[2] A copy of the Child's passport is attached as Exhibit B.

9. Mr. Boa-Bonsu and Ms. Owusu were married from November 25, 2013 through October 16, 2019.

10. They lived together in Finland at the time of their son's birth.

11. Pursuant to a letter from the Finnish Ministry of Justice to the United States' Department of State, the Child has permanent residence in Finland, was born in Finland, and had lived in Finland throughout his life before his wrongful removal to the United States. A copy of this letter is attached as Exhibit C.

12. In relevant part, parental responsibility under Finnish law is established by the Act on Child Custody and Right of Access,[3] which provides that the parents of a child who are married to each other at the time of the child's birth are both custodians of the child. (See Ex. D,

---

[2] Further in accordance with Fed. R. Civ. P. 5.2(a), Petitioner has included the year, but not the date and month of B.B.'s birth.

[3] Finland's Act on Child Custody and Right of Access is publicly accessible at https://finlex.fi/fi/lainsaadanto/1983/361?language=fin. A copy of the act, translated from Finnish to English, is attached as Exhibit D.

Section 6.)  The Act further provides that the parents of a child may enter into a child custody agreement to demonstrate their agreement as to whom the child will reside and child custody.  (*Id.*, Section 7.)  An agreement on child custody and right of access shall be submitted for confirmation to the social welfare board in the municipality where the child habitually resides.  (*Id.*, Section 8.)  An agreement confirmed by a social welfare board is considered valid and enforceable.  (*Id.*)

13. Following the dissolution of their marriage, Mr. Bonsu-Boa and Ms. Owusu continued to exercise joint parental authority and custody rights pursuant to an Agreement on Child Custody and Right of Access, which was confirmed by a Finnish child welfare authority, whereby their Child spent weekdays with Ms. Owusu and, two weekends of every month from Friday afternoon to Monday morning, with Mr. Boa-Bonsu.  A copy of the Agreement on Child Custody and Right of Access is attached as Exhibit E.

14. Mr. Boa-Bonsu diligently exercised his parental authority and custody rights until July 2024, when Ms. Owusu wrongfully removed the child to the United States.

15. Mr. Boa-Bonsu last spoke with his son on June 22, 2024 when they established plans to go shopping on July 6, 2024.

16. On July 6, 2024, however, Mr. Boa-Bonsu discovered that his son's phone as well as Ms. Owusu's phone had been turned off.  Mr. Boa-Bonsu contacted the police to help him locate his son and eventually was told by the police that Ms. Owusu and the Child were in the United States of America.  Mr. Boa-Bonsu was later informed by Ms. Owusu's friends that she had gone to live permanently in the United Stated with their Child without Mr. Boa-Bonsu's knowledge or consent.

17. Prior to removing their Child from Finland, the Child attended school in Finland. An End-of-Year Report for the 2023-2024 school year is attached as Exhibit F. A letter regarding the school that the Child will attend upon his return to Finland is attached as Exhibit G.

18. On September 18, 2024, with the assistance of the Finnish Ministry of Justice, Mr. Boa-Bonsu filed a Request for Return of his Child with the Office of Children's Issues of the U.S. Department of State. A copy of the Request for Return is attached as Exhibit H.

19. Mr. Boa-Bonsu has been denied all contact with his son since Ms. Owusu wrongfully removed him to the United States.

## Wrongful Removal under the Hague Convention

20. By law, Mr. Boa-Bonsu has parental authority and custody rights over his son within the meaning of Articles 3 and 5 of the Hague Convention.

21. Article Three of the Hague Convention provides that:

> The removal or the retention of a child is to be considered wrongful where:
>
> a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

22. Article Five of the Hague Convention provides that "[f]or the purposes of this Convention, 'rights of custody' shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence."

23. Mr. Boa-Bonsu has rights of custody of the Child within the meaning of Articles Three and Five of the Hague Convention, in that, under Finnish law as established by the Act on

5

Child Custody and Right of Access, Mr. Boa-Bonsu acquired custody of his son at the time of his birth and as further demonstrated by the Agreement on Child Custody and Right of Access executed by Mr. Boa-Bonsu and Ms. Owusu, which was confirmed by the relevant social welfare authority.

24. The Child had been a habitual resident[4] of Finland within the meaning of Article Three of the Convention for all his life prior to the events giving rise to the wrongful removal and retention by Respondent.

25. At the time of the Child's wrongful removal and retention by Respondent, Mr. Boa-Bonsu was exercising his custody rights and maintaining his relationship with his Child within the meaning of Articles Three and Five of the Hague Convention.

### Count I – Claim for Relief under the Hague Convention

26. As set forth above, on or about July 2024, Ms. Owusu wrongfully removed her minor child from Finland, within the meaning of Article Three of the Hague Convention.

27. Ms. Owusu continues to wrongfully retain her son in Ohio, in violation of the Hague Convention and despite Mr. Boa-Bonsu's efforts to have his son returned to Finland.

28. Mr. Boa-Bonsu has never acquiesced or consented to the removal of his son from Finland to the United States or to him living outside Finland.

29. Ms. Owusu's removal and retention of her son is wrongful within the meaning of the Hague Convention because:

---

[4] "To determine the habitual residence, the court must focus on the child, not the parents, and examine past experience, not future intentions. In doing so, our precedent requires that we consider a child's habitual residence to be the nation where, at the time of a wrongful removal or retention, the child has been present long enough to allow acclimatization, and where this presence has a degree of settled purpose from the child's perspective." *Jenkins v. Jenkins*, 569 F.3d 549, 556 (6th Cir. 2009) (internal citations and punctuation omitted).

    a. It is in violation of Mr. Boa-Bonsu's parental authority and custody rights under Finnish law;

    b. At the time of Ms. Owusu's wrongful removal of their son, Mr. Boa-Bonsu was actively and affirmatively exercising his parental authority and custody rights;

    c. But for Ms. Owusu's wrongful removal and retention of their son, Mr. Boa-Bonsu would continue to exercise those rights today;

    d. Mr. Boa-Bonsu did not consent to the removal of his son to the United States;

    e. At the time of Ms. Owusu's wrongful removal of their son, the child was a habitual resident of Finland; and

    f. The child is eight years old and falls under the protection of the Hague Convention.

30. Upon information and belief, Ms. Owusu is presently wrongfully retaining her son in Franklin County, Ohio.

31. This Petition is filed less than one year from Respondent's wrongful removal of the Child.

## Count II – Provisional Remedies

32. Mr. Boa-Bonsu respectfully requests this Court issue an immediate order restraining Ms. Owusu from removing the child from the jurisdiction of this Court and schedule an expedited hearing on the merits of this petition, per Article 7(b) of the Hague Convention and 22 U.S.C. § 9004.

## Count III – Attorney Fees and Costs

33. Mr. Boa-Bonsu respectfully requests this Court award him all necessary expenses incurred by him or on his behalf including court costs, legal fees, and other expenses incurred

7

during the course of proceeding with this action, and transportation costs related to the return of his son, per 22 U.S.C. § 9007(3).

## Notice

34. Pursuant to 22 U.S.C. § 9003(c), Ms. Owusu shall be given notice of this Petition in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## Relief Requested

**WHEREFORE,** Petitioner prays for the following relief:

a. An immediate temporary restraining order prohibiting the removal of his son from the jurisdiction of this Court pending a hearing on the merits of this petition, and further providing that no person acting in concert or participating with Ms. Owusu shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the petition;

b. The scheduling of an expedited preliminary injunction hearing on the merits of the petition;

c. An order that Ms. Owusu show cause at this hearing why the Child should not be returned to Finland, and why such other relief requested in the petition should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the petition; and

d. Any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted,

*s/ Karey E. Werner*
Karey E. Werner, Trial Attorney (0095685)
Andrew D. Fleming (0104285)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
(216) 479-6150
kewerner@vorys.com
(216) 373-2272
adfleming@vorys.com

*Counsel for Petitioner*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Bismark Boa-Bonsu, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __05__ day of June, 2025.

_____
Bismark Boa-Bonsu