## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BISMARK BOA-BONSU, | : | |
| | : | |
| **Plaintiff-Petitioner,** | : | |
| | : | **Case No. 2:25-cv-00632** |
| v. | : | |
| | : | **Judge Algenon L. Marbley** |
| DEBORAH OWUSU, | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| | : | |
| **Defendant-Respondent.** | : | |

## ORDER

This matter comes before this Court on Plaintiff/Petitioner Bismark Boa-Bonsu's ("Petitioner") motion to strike the Defendant/Respondent Deborah Owusu's ("Respondent") fifth affirmative defense. (ECF No. 29).  This case arises from a petition for the return of a child under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"). (ECF No. 1). In her Answer to the petition, Respondent raises five affirmative defenses. (ECF No. 24). At issue is the fifth affirmative defense, which asserts: "Petitioner is estopped from asserting claims under the Hague Convention due to prior conduct that misled Respondent into believing the removal was permitted." (*Id*. ). Petitioner moves to strike this defense as legally insufficient. (ECF No. 29).

Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co*., 783 F.3d 1045, 1050 (6th Cir. 2015). Nonetheless, a court should grant a motion to strike if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which

could be proved in support of the defense and are inferable from the pleadings." *Id*. (quoting *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991)).

Petitioner contends that the estoppel defense is improper and must be stricken because the Hague Convention provides an exclusive set of narrowly defined defenses that do not include estoppel. (ECF No. 29 at 2). Indeed, "[c]hildren who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies." 22 U.S.C § 9001. The Sixth Circuit has further specified that there are four available defenses:

> Once a plaintiff establishes that removal was wrongful, the child must be returned unless the defendant can establish one of four defenses. Two of these defenses can be established by a preponderance of the evidence, 42 U.S.C. § 11603(e)(2)(B): the proceeding was commenced more than one year after the removal of the child and the child has become settled in his or her new environment, Hague Convention, Article 12; or, the person seeking return of the child consented to or subsequently acquiesced in the removal or retention, Hague Convention, Article 13a. The other two defenses must be shown by clear and convincing evidence, 42 U.S.C. § 11603(e)(2)(A): there is a grave risk that the return of the child would expose it to physical or psychological harm, Hague Convention, Article 13b; or, the return of the child "would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms," Hague Convention, Article 20.

*Friedrich*, 78 F.3d at 1067. The court also noted that "[t]he situation changes somewhat when the child is older. The Hague Convention allows a court in the abducted-to country to 'refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views.'" *Id*. at 1067 n.8 (quoting Hague Convention, Article 13).

The Hague Convention provides for limited defenses, and courts hold that estoppel is not among them. *See, e.g.*, *McCurdy v. Shreve-McCurdy*, 806 F. Supp. 2d 1010, 1021 (E.D. Mich. 2011) ("'Equitable estoppel' is simply not one of the narrow defenses set forth in the Hague

2

Convention. Respondent has not supplied the Court with any legal authority to show that this Court has the authority to decline to order the child returned based on a theory of equitable estoppel"); *Garcia v. Pinelo*, 122 F. Supp. 3d 765, 785 (N.D. Ill.), <u>aff'd,</u> 808 F.3d 1158 (7th Cir. 2015) ("There is therefore no basis on which to conclude that the drafters of the Convention intended to include these background equitable defenses in the Hague Convention.")

Given the limited affirmative defenses available under the Hague Convention, it is clear that Petitioner would succeed regardless of any facts that might be alleged in support of the estoppel defense. *See Operating Eng'rs Loc. 324 Health Care Plan*, 783 F.3d at 1050. Respondent argues that the estoppel defense should be permitted because: (1) it is closely related to the recognized defense of consent and acquiescence under Article 13 of the Hague Convention; (2) courts allow equitable defenses to proceed in Hague Convention actions; (3) it is fact-dependent and cannot be stricken at the pleading stage; and (4) it is not prejudicial. (ECF No. 35).  In support of her defense, Respondent relies on *Friedrich*, but there, the court acknowledged the "narrow" application of the four defenses and did not reference estoppel. *Friedrich*, 78 F.3d at 1067. Similarly, Respondent cites to *Padilla v. Troxell*, 850 F.3d 168, 175 (4th Cir. 2017), which also holds that the respondent must establish that one of the "limited and narrow" exceptions apply. While Respondent's estoppel theory may resemble the defense of consent, that defense has already been raised separately in her Answer. (ECF No. 35 at 2). Accordingly, any factual arguments related to consent may be pursued under that theory.

As such, Petitioner's Motion to Strike (ECF No. 29) is **GRANTED**. Respondent's Fifth Affirmative Defense: Equitable Estoppel is hereby **STRICKEN** from her Answer (ECF No. 24).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE:  August 11, 2025**

4